**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; Construction Industry Research and Service Trust Fund; Retiree Medical Savings Plan; and Local 150 I.U.O.E Vacation Savings Plan, | ) | CIVIL ACTION |
| Plaintiffs, | ) | CASE NO. |
| v. | ) | |
| Allen's Total Landscaping, LLC, an Indiana Limited Liability Company, | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund ("REF"), Retiree Medical Savings Plan ("RMSP"), Local 150 I.U.O.E. Vacation Savings Plan (collectively "the Funds"); and Construction Industry Research and Service Trust Fund ("CRF"), bring this action to collect contributions and dues from Defendant Allen's Total Landscaping, LLC ("Allen's").

**COUNT I. SUIT FOR DELINQUENT CONTRIBUTIONS**

**Facts Common to All Counts**

1. International Union of Operating Engineers, Local 150, AFL-CIO (the "Union") is an employee organization under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Allen's is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Portage, Indiana.

3. In its corporate filings with the State of Indiana, Allen's identified Shannon Welp as Registered Agent (Exhibit A).

4. On September 1, 2019, Allen's through Shannon Welp signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("Landscape CBA") known as the Illinois Landscape Contractors Bargaining Association ("ILCBA") Agreement (excerpts attached as Exhibit C).

5. On September 1, 2019, Allen's through Shannon Welp signed a Memorandum of Agreement (attached as Exhibit D) with the Union that adopted the terms of a collective bargaining agreement ("Plantsman CBA") known as the Landscape Construction Labor Agreement (Plantsman and Other Non-Equipment Operating Classifications) (excerpts attached as Exhibit E).

6. The CBAs and the Agreements and Declarations of Trust incorporated therein require Allen's to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

7. The CBAs and Trust Agreements specifically require Allen's to:

(a) submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b) compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the

amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) pay interest to compensate the Funds for the loss of investment income;

(d) make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting;

(e) pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified or where the Funds refer the Employer's account to counsel;

(f) pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(g) furnish to the Funds a bond in an amount acceptable to the Funds;

(h) pay the Funds an audit non-compliance fee of $110 per fund for each business day that requested audit documents are not produced, beginning 21 days from the demand for such documents.

8. The CBAs also require Allen's to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBAs place the same obligations on Allen's with respect to CRF as it does the Funds.

9. Allen's has become delinquent in the submission of its reports and contributions due the Funds and CRF. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest.

**Jurisdiction and Venue**

10. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

11. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA 29 U.S.C. § 1132(e)(2) because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

12. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Where an employer fails to submit contribution reports and contributions timely, ERISA explicitly authorizes the Funds to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. 29 U.S.C. § 1132 (g).

13. ERISA permits the Funds to seek and the Court to award "such legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132 (g)(2). The entitlement to equitable relief permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due. The entitlement to legal relief permits the Funds to recover auditors' fees from uncooperative employers.

14. Allen's has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

15. Allen's has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to pay auditors' fees.

16. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Allen's, there is a total of $2,741.87 known to be due

the Funds from Allen's, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, interest, auditors' fees will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. enter judgment in favor of the Funds and against Allen's for all unpaid contributions as identified in Allen's contribution reports;

B. enjoin Allen's to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. enjoin Allen's at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Allen's owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Allen's to pay any contributions reasonably estimated to be due by the Funds for the period when Allen's failed and refused to timely submit contribution reports;

D. enter judgment against Allen's and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions and any auditors' fees that are due and owing;

E. provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Allen's cost.

## COUNT II. SUIT TO COLLECT CRF CONTRIBUTIONS

1-9. CRF re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

11. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

**Allegations of Violations**

12. Allen's has not submitted all of its contribution reports to CRF. Allen's has failed to make timely payment of all contributions acknowledged to be due according to Allen's own contribution reports and the collective bargaining agreement, and Allen's has failed to pay interest and liquidated damages required by the CBAs. Accordingly, Allen's is in breach of its obligations to the CRF under the CBAs.

13. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Allen's, there is a total of $38.40 known to be due to CRF from Allen's subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. order Allen's to submit all delinquent monthly contribution reports;

B. enter judgment in favor of CRF and against Allen's for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Allen's failure to submit all contribution reports required by the CBAs;

C. enjoin Allen's to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBAs;

D. award CRF such further relief as may be deemed just and equitable by the Court, all at Allen's cost.

Dated: October 21, 2026

Respectfully submitted,

By: /s/Wilfred D. Quinn
One of the Attorneys for Plaintiffs

Attorneys for the Funds and CRF:

Dale D. Pierson *(dpierson@local150.org)*
Wilfred D. Quinn *(wquinn@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph.: (708) 579-6663
Fx.: (708) 588-1647